(No. 73349.—

STANLEY M. KWASNIEWSKI, Indiv. and as Special Adm'r of the Estate of Joan L. Kwasniewski, Deceased, Appellee, v. KEITH A. SCHAID et al., Appellants.

*Opinion filed December 4, 1992.*

Wildman, Harrold, Allen & Dixon, of Waukegan (Steven L. Larson and Daniel P. Felix, of counsel), for appellants.

Edmund J. Scanlan and Richard C. Gleason, of Chicago, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

This Illinois lawsuit arises out of a three-car Wisconsin accident. The accident occurred in Walworth County, Wisconsin. Suit was brought in McHenry County, Illinois. Plaintiff, Stanley Kwasniewski, both in his individual capacity and as special administrator of his wife Joan's estate, is a resident of Cook County, Illinois. Defendants,

Keith Schaid and his employer, Button Construction, are residents of McHenry County, Illinois.

Stanley Kwasniewski, with his wife Joan as a passenger, was struck head-on when an automobile driven by Keith Schaid crossed into the oncoming lane of traffic. All of the parties sustained injuries, with Joan Kwasniewski subsequently dying. Stanley Kwasniewski, both individually and as special administrator of Joan's estate, brought suit in McHenry County against Schaid and Button Construction. By way of defense, Schaid alleges that he was rear-ended by a third party, Alan Wendorf, resulting in Schaid's car being pushed into the oncoming lane of traffic. Wendorf is a resident of Verona County, Wisconsin. Schaid, through separate counsel, brought an action in Wisconsin against Wendorf seeking damages for the personal injuries he sustained.

Based upon the doctrine of *forum non conveniens*, Schaid and Button Construction moved to dismiss the McHenry County action, arguing that Walworth County, Wisconsin, would be a more convenient forum. The Illinois trial court denied the motion. Subsequently, Schaid and Button Construction, hereinafter referred to as defendants, twice moved for reconsideration, bringing forth additional facts, including the pendency of the Wisconsin action. The trial court denied both motions and the appellate court denied leave to appeal. The issue presented by this case is whether the trial court abused its discretion in denying the motion to dismiss under the doctrine of *forum non conveniens*. We affirm.

*Forum non conveniens* is an equitable doctrine under which principles of convenience and fairness are weighed in order to choose between two or more forums having jurisdiction. A trial court's ruling on a *forum non conveniens* motion will be reversed only upon a showing that an abuse of discretion occurred in weighing the rele-

vant criteria. *Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 105-06.

When ruling on a *forum non conveniens* motion, both public and private interest factors must be considered. The private interest factors include "the convenience of the parties, the relative ease of access to sources of proof, the accessibility of witnesses, and 'all other practical problems that make trial of a case easy, expeditious and inexpensive.' " (*Griffith*, 136 Ill. 2d at 105-06, quoting *McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 289.) The public interest factors include the congestion of court dockets, the interest in deciding localized controversies, and the unfairness of imposing jury duty upon residents of a county with little connection to the litigation. *Cook v. General Electric Co.* (1992), 146 Ill. 2d 548, 557.

A third consideration in ruling on a *forum non conveniens* motion is the plaintiff's choice of forum. A plaintiff is given the right to select the forum, and unless the public and private interest factors strongly weigh in favor of transfer, a plaintiff's choice of forum will rarely be disturbed. (*Cook*, 146 Ill. 2d at 557.) Less deference is given, however, where the plaintiff is not a resident of the chosen forum. *McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 289.

In the instant case, the suit was brought in the defendants' home county of McHenry County, Illinois, and the plaintiff, at all relevant times, was a resident of Cook County, Illinois. Defendants' motion to dismiss was based upon interstate *forum non conveniens*. Therefore, even though the suit was not brought in the plaintiff's home county it was brought in his "home forum" of Illinois. A plaintiff's "home forum" for purposes of an interstate *forum non conveniens* motion is the plaintiff's home State. In an intrastate case, on the other hand, a plaintiff's "home forum" regarding *forum non con-*

*veniens* motion is the plaintiff's home county. *Simantz v. Prime Motor Inns, Inc.* (1991), 213 Ill. App. 3d 813, 816-17.

Defendants argue that both the private and public interest factors strongly weigh in favor of dismissing the Illinois action. In support of the private interest factors, defendants maintain that witness availability and the desire for an easy, inexpensive trial favors the Wisconsin forum. Defendants further allege that Wendorf, the driver of the third vehicle and a Wisconsin resident, is not subject to process in Illinois. Thus, it is argued, he would not be available as a contribution defendant in Illinois, nor would he be available to testify in person during the McHenry County trial.

As to witness availability, we take judicial notice of the fact that even though Walworth County, Wisconsin, is in another State, it is immediately adjacent to McHenry County, Illinois. Thus, the burden imposed upon witnesses to the accident in traveling between counties is slight indeed. And, though a witness to the accident who is a resident of Wisconsin and not a party to the litigation could not be compelled to travel to Illinois to give testimony, the testimony of such a witness, if any, could be obtained through the taking of an evidence deposition. (134 Ill. 2d Rules 202, 203, 204, 212(b); see also Wis. Stat. §804.05(3)(b)(4) (Supp. 1992).) The additional fact that Wendorf would not be available to the defendants Schaid and Button Construction, Inc., as a contribution defendant is wholly immaterial to the plaintiff's case. That is a matter of interest only to the defendants and a factor which is, at this juncture, wholly speculative. Whether Wendorf is a joint tortfeasor or a tortfeasor at all will be dependent on the evidence and the law to be produced at trial. Plaintiff claims that defendants Schaid and Button Construction, Inc., caused the injuries and damages, not Wendorf. He makes no

claim against Wendorf. He seeks recovery only against Schaid and Button Construction, Inc. The assertion of a contribution claim against Wendorf might be a red herring. Evidence could or might disclose that Wendorf had no responsibility in causing the accident. For all of that, however, we do not believe that the question of contribution between alleged joint tortfeasors should override the plaintiff's right to choice of forum where other factors clearly indicate both jurisdiction and venue.

Regardless of whether plaintiff's suit was initially brought in Illinois or Wisconsin, some of the parties would be inconvenienced. Indeed, in a real sense, and regardless of the time and place of trial, the trial of a lawsuit is never convenient for anyone be it a party litigant or a mere witness. Most significantly, the suit was brought in defendants' home county. It is all but incongruous for defendants to argue that their own home county is inconvenient.

The three public interest factors relied upon by the defendants are that the Walworth County court docket is less congested; that the accident occurred in Wisconsin; and that a Wisconsin court is in a better position to apply Wisconsin law.

Defendants are correct in asserting that the Walworth County court docket is less congested than the McHenry County docket. The relative times from case filing to trial in Walworth County, Wisconsin, and McHenry County, Illinois, are approximately nine months in Wisconsin and 42 months in Illinois. While expediency of obtaining a trial date is a relevant consideration, it is the least significant of the public interest factors.

The second public interest factor cited by the defendants is that of place. While the place of the accident is a significant factor, it also carries less weight than the plaintiff's choice of forum in the county of defendants' residence.

The third and final public interest factor raised by defendants is that a Wisconsin court is in a better position to apply Wisconsin law than an Illinois court. That, of course, is a self-evident proposition. It would be difficult, if not impossible, to argue to the contrary. To state the proposition, however, is not to answer the question of where venue should lie. The case at hand is a lawsuit between parties who are both residents and domiciliaries of Illinois. Illinois has a significant and substantial interest in deciding cases and controversies between Illinois parties. In deciding choice of law questions, Illinois courts will apply the law of the State where the tort occurred unless Illinois has a more significant relationship with the occurrence and with the parties. In the latter situation, Illinois law will be applied. Such is the case at hand. *Ingersoll v. Klein* (1970), 46 Ill. 2d 42, 45; *Harkcom v. East Texas Motor Freight Lines, Inc.* (1982), 104 Ill. App. 3d 780.

Accordingly, the order of the circuit court is affirmed.

*Affirmed.*