BETTY L. HALL, Indiv. and as Mother and Next Friend of Amber L. Hall, a Minor, *et al.*, Plaintiffs-Appellees, v. CBI INDUSTRIES, INC., *et al.*, Defendants-Appellants.

First District (5th Division)   No. 1—93—0559

Opinion filed June 10, 1994.

Stephen D. Hurst and Robert G. Black, both of Hinshaw & Culbertson, of Chicago, for appellants Stanley Consultants, Inc., Stanley Consultants Company, and Stanley Consultants Associates, Inc.

Neil E. Holmen and David E. Koropp, both of Winston & Strawn, of Chicago, for other appellants.

George M. Elsener and Jeffrey C. Kasten, both of George M. Elsener & Associates, of Chicago, for appellees.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Plaintiffs, Betty L. Hall, individually and as mother and next friend of Amber L. Hall, a minor, and Alfred E. Hall, Jr., individually, and Betty L. Hall, as special administrator of the estate of Alfred E. Hall, Sr., deceased (herein referred to collectively as the Halls), filed a wrongful death and survival action in the circuit court of Cook County against CBI Industries, Inc.; CBI Na-Con, Inc.; Chicago Bridge & Iron Co.; CBI Services, Inc.; CBI Research Corp. (the CBI corporations), Stanley Consultants, Inc.; Stanley Consultants Company; and Stanley Consultants Associates, Inc. (the Stanley corporations).

Defendants (collectively referred to as the Corporations) moved for a change of venue to Winnebago County, where the incident which caused the death of plaintiffs' decedent occurred. The Corporations invoked the doctrine of *forum non conveniens* in their motions. The trial court denied the motion in an order dated January 19, 1993, and the Corporations filed a timely petition for leave to appeal the order pursuant to Supreme Court Rule 306(a)(1)(ii). (134 Ill. 2d R. 306(a)(1)(ii).) This court granted the petition for leave to appeal over plaintiffs' objection.

The only issue on appeal is whether the trial court erred in denying the Corporations' motions to transfer venue. It is the Corporations' contention that, because the Halls are residents of Iowa and not Cook County residents and because plaintiffs' decedent died while working on a public works project for the City of Rockford in Winnebago County, it is an unfair burden on the taxpayers of Cook County for this lawsuit to be litigated here. The Halls, on the other hand, urge this court to affirm the trial court's judgment, claiming that the Corporations failed to meet their burden under Illinois law of showing that a change of forum is strongly in their favor. For reasons that follow, we affirm the order of the trial court.

The issue of *forum non conveniens* has come before appellate courts in Illinois in an increasing number of cases in recent years. This is most likely due to the ever-increasing financial burden that these multiparty lawsuits entail, as well as the overloaded court dockets in populated areas. In any event, the law applicable to the concept of *forum non conveniens* is well settled, although difficult to apply in cases like the one at bar.

The equitable doctrine of *forum non conveniens* is based upon considerations of fundamental fairness and sensible and effective judicial administration. (*Vinson v. Allstate* (1991), 144 Ill. 2d 306, 310, 579 N.E.2d 857.) Pursuant to this doctrine, a court is asked to weigh various relevant factors in order to determine which of two or more forums having jurisdiction over the parties and subject matter would be best suited to decide the case. A trial court is vested with broad discretion in such matters. (*Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 106, 554 N.E.2d 209.) For this reason, a trial court's ruling on a *forum non conveniens* motion will be reversed only upon a showing that the trial court abused its discretion in weighing the relevant criteria. *Kwasniewski v. Schaid* (1992), 153 Ill. 2d 550, 552-53, 607 N.E.2d 214.

The relevant criteria to be considered fall under two general headings: (1) private interest factors, *i.e.*, those affecting the litigants, and (2) public interest factors, *i.e.*, those affecting the administration

of the courts. The private interest factors that may be considered include the convenience of the parties; the relative ease of access to sources of proof; the cost of producing willing witnesses, as well as the availability of compulsory process to obtain the attendance of unwilling witnesses; the possibility of the need to view the location where the events giving rise to the action took place; and all other practical problems that make trial of a case easy, expeditious and inexpensive. (*Kwasniewski*, 153 Ill. 2d at 553; *Vinson*, 144 Ill. 2d 306, 579 N.E.2d 857; *Griffith*, 136 Ill. 2d at 105-06.) The public interest factors include the congestion of court dockets; the interest in having localized controversies decided locally, and the unfairness of imposing jury duty upon residents of a county that has little connection to the litigation. *Cook v. General Electric Co.* (1992), 146 Ill. 2d 548, 557, 588 N.E.2d 1087.

In addition to the above-stated factors, the trial court must give deference to the plaintiff's choice of forum. A plaintiff's right to select the forum is a substantial one, which should not be disturbed unless the public and private factors "strongly weigh in favor of transfer." (*Kwasniewski*, 153 Ill. 2d at 553; *Griffith*, 136 Ill. 2d at 106; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 372-73, 444 N.E.2d 157.) However, when the plaintiff is foreign to the chosen forum, as in the instant case, the assumption that the forum is more convenient is less reasonable. In such cases, the plaintiff's choice of forum is afforded less deference than it would receive if the plaintiff were a resident of the chosen forum. *Griffith*, 136 Ill. 2d at 106; *McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 289, 520 N.E.2d 368.

In the present case the Corporations argue that all private and public interest factors strongly favor the transfer of venue out of Cook County. First and foremost, defendants argue that there is little or no nexus to Cook County. The Halls are all residents of Iowa with no connection to Cook County. Plaintiffs' decedent, Alfred Hall, Sr., fell to his death while working on the demolition of the City of Rockford water tower in Winnebago County, Illinois. At the time of his death, plaintiffs' decedent was working for A&H Enterprises, an Iowa corporation he owned. Decedent's employee and co-worker, Shawn Stone, who is also an Iowa resident, is the only eyewitness to the incident.

With respect to the defendants, it is undisputed that they all transact business in the State of Illinois and in Cook County. However, they, too, have no strong ties to Cook County. The CBI corporations are all Delaware corporations, except CBI Na-Con, Inc., which is a Texas corporation, and Chicago Bridge & Iron Co., which

is an Illinois corporation. The CBI corporations are all headquartered in Oak Brook (Du Page County), although CBI Na-Con, Inc., maintains two additional offices in Will County. CBI Na-Con, Inc., is the defendant that contracted with the City of Rockford to serve as general contractor for the public works project and, in turn, subcontracted with A&H Enterprises for the demolition work. The contracts were signed in Will County.

The Stanley defendants have the greatest relationship to Cook County. Stanley Consultants, Inc. (SCI), although incorporated in Iowa, maintains an office at 8501 West Higgins Road, Chicago, in Cook County. The employees of SCI working out of the Chicago office contracted with the City of Rockford for the construction of a new water tower.

Due to the relatively minor connections between the litigation and Cook County, defendants argue that it would be an unfair burden on the already overcrowded Cook County court docket and the jurors of Cook County, as well as a financial drain on the citizens of Cook County, to litigate this case here. They also cite the same data to show that there is no convenience to plaintiffs in having the litigation in Cook County.

The plaintiffs counter defendants' argument by pointing out that, although there may be no evident convenience to plaintiffs or their witness in having the litigation take place in Cook County, there is no greater convenience in having the litigation take place in Winnebago or Du Page County. Furthermore, there is no claimed inconvenience to defendants in litigating in Cook County since several of their witnesses and their attorneys are located there.

Plaintiffs also argue that there is little benefit in having the litigation take place in Winnebago County, where the incident occurred. First of all, no viewing of the scene would be feasible since the water tower project has since been completed, the old tower removed, and the new tower installed. Additionally, plaintiffs claim that the situs of the injury is irrelevant to the main issues to be litigated in this suit. They argue that this, in essence, is a Structural Work Act (Ill. Rev. Stat. 1991, ch. 48, par. 60 *et seq.*) case where the controversy will be determining whether any of the defendants can be said to have been "in charge" of the worksite. For this reason, plaintiffs also maintain that Winnebago County has no local interests to protect in this matter. Consequently, plaintiffs contend that defendants have not provided sufficient reason to deny them their choice of forum.

We find that we must agree with plaintiffs. The facts recounted above indicate that there is no clear nexus with any single county in the State of Illinois which would militate toward transfer of this

matter. Any location within the State of Illinois would be inconvenient to plaintiffs and their witness. In fact, Cook County is probably more convenient to defendants. Therefore, it is almost illogical for defendants to claim *forum non conveniens* when such a claim is based not on their own inconvenience but on the inconvenience to plaintiffs. See *Kwasniewski*, 153 Ill. 2d at 555.

Furthermore, although Winnebago County's docket may be less crowded, the expediency of obtaining a trial date is the least significant public interest. (*Kwasniewski*, 153 Ill. 2d at 555.) In summary, the public interest factors, as they relate to this case, do not outweigh the deference that must be afforded a plaintiff's choice of forum. Thus, we find no basis for finding that the trial court abused its discretion in denying defendants' motion for change of venue.

For the reasons stated above, we affirm the order of the circuit court denying defendants' motions to dismiss this case on the basis of *forum non conveniens*.

Affirmed.

McNULTY and COUSINS, JJ., concur.