GLORIA HAYES, Plaintiff-Appellee, v. FIREMAN'S FUND MORTGAGE CORPORATION, n/k/a Source One Mortgage Services Corporation, Defendant-Appellant.

First District (1st Division)   No. 1—92—2324

Opinion filed April 24, 1995.

Marjory G. Basile and Carl H. von Ende, both of Miller, Canfield, Paddock & Stone, and John K. Kallman, both of Chicago, for appellant.

Daniel A. Edelman and James Eric Vander Arend, both of Law Offices of Daniel A. Edelman, and Lawrence Walner, of Lawrence Walner & Associates, Ltd., both of Chicago, for appellee.

JUSTICE BRADEN delivered the opinion of the court:

Defendant, Fireman's Fund Mortgage Corporation, now known as Source One Mortgage Services Corporation (Source One), appeals from an order of the circuit court of Cook County, pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308), and argues that the trial court erred in denying a motion to dismiss under the doctrine of *forum non conveniens.*

We affirm.

Plaintiff, Gloria Hayes, filed a class action complaint in the chancery division of the circuit court of Cook County. The complaint alleged that Source One had systematically imposed excessive late charges on plaintiff's and fellow class members' mortgages. These mortgages were all guaranteed by the Veterans Administration and can be classified as VA mortgages.

Plaintiff alleges that these late charges are in excess of the late charges permissible and authorized under the terms of the VA form mortgages. It is conceded that under the terms of the mortgages, Source One is permitted to impose late charges on payments, which are more than 15 days late, in an amount equal to 4% of "any installment." The dispute arises concerning the definition of the words "any installment."

The VA note and mortgage form defines "installment" to include only principal and interest due every month. The term "aggregate monthly payment" is defined as the installment plus escrow deposit requirements for taxes and insurance. Plaintiff alleges that Source One overcharged her and class members when imposing late charges by calculating and collecting late charges based on 4% of the aggregate monthly payment including principal, interest, taxes and insurance.

The complaint seeks injunctive relief, damages and declaratory relief. Additionally, it alleges that the imposition and collection of excessive late charges by Source One violates the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 1992)), as well as the corresponding consumer statutes of other States.

Plaintiff is an Illinois resident whose mortgage is serviced by Source One. She alleges to be the class representative of all similarly situated mortgagors who reside throughout all 50 United States and the District of Columbia. Source One is a mortgage loan service

company that services approximately 500,000 mortgage loans and is located in Farmington Hills, Michigan.

After the complaint was filed, Source One removed the case to Federal court. The Federal court, however, later granted plaintiff's motion to remand the cause back to the circuit court of Cook County. Subsequently, Source One filed a motion to dismiss for *forum non conveniens*. The motion asserted that Source One had met the legal requirements, under Illinois law, for invoking the equitable doctrine of *forum non conveniens*. Source One argued that the private interests of the litigants and the public interest require that the cause be litigated in the State of Michigan. Source One elaborated that all the material witnesses and documents are located in Michigan and that the courts in Michigan are less congested than those of Cook County. Moreover, Source One asserted that the case had no particular connection with the State of Illinois except that plaintiff resided in Illinois.

Plaintiff countered this argument by asserting that the cause of action has a substantial nexus with Illinois. Plaintiff resides in Illinois. The property, which the VA mortgage secures, is the plaintiff's home and is located in Chicago, Illinois. The mortgage was negotiated and executed in Illinois. Source One states that 2,145 of the putative class members reside in Illinois, but points out that this number only represents 2.15% of the putative class. Source One further states that Michigan has a greater number of putative class members. Plaintiff does not dispute this statistic but notes that a significant number of Illinois residents hold mortgages serviced by defendant.

Plaintiff notes that Source One makes frequent use of the Illinois court system in seeking foreclosures and judgments against Illinois residents. Source One has filed 810 such actions in the Federal and State courts of Illinois between January 1, 1989, and 1992.

Source One argues that the personnel responsible for servicing these mortgages all reside in Michigan. Plaintiff maintains that the nature of the case is such as to not require many witnesses to be called from Michigan.

The trial court denied Source One's motion to dismiss and remarked that court congestion was not a factor it would entertain because the resources in the chancery division were at least equal to those in Michigan. Moreover, the Michigan judges may have fewer cases but must also divide their attention between civil and criminal matters. The trial court further noted that the case would not produce "a long parade of witnesses" nor did the possible production of documents in Illinois present factors which strongly weigh in favor of the transfer. In addition, the trial court stated that the circuit court

must still give deference to plaintiff's choice of forum, regardless of the fact that she sued on behalf of a large nationwide class. Immediately following the trial court's ruling, Source One sought to certify the questions for appeal, pursuant to Supreme Court Rule 308. The trial court certified the question to the Illinois Appellate Court.

The question certified pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308) is "whether under the facts of this case, fundamental fairness and sensible and effective judicial administration, including the private interests of the litigants and witnesses and the public interest, would be served by dismissing this case, pursuant to the doctrine of *forum non conveniens* as recognized under Illinois law, for the refiling in the courts of the State of Michigan."

■ A motion to dismiss for *forum non conveniens* requires the trial judge to evaluate a variety of factors. "Before dismissing a lawsuit on grounds of *forum non conveniens*, the trial court must weigh a variety of factors and conclude that the balance *strongly* favors the defendant." (Emphasis in original.) *Japax, Inc. v. Sodick Co.* (1989), 186 Ill. App. 3d 656, 666, 542 N.E.2d 792, 798.

The Illinois Supreme Court has consistently held that a trial court is vested with broad discretion in ruling on a *forum non conveniens* motion. (*Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 554 N.E.2d 209.) The court has stated that "[a] trial court is vested with broad discretion in balancing the various considerations relevant to a ruling on a *forum non conveniens* motion, and its decision will be reversed only if it represents an abuse of discretion." *McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 288, 520 N.E.2d 417.

■ This court has explained that "[t]he fundamental premise of the *forum non conveniens* doctrine is that of convenience: convenience of the parties, convenience of the witnesses, convenience of the court and jurors, and the convenience of the taxpayer who bears the expense of maintaining the judicial system." (*Stein v. Volkswagen of America, Inc.* (1985), 135 Ill. App. 3d 127, 129, 481 N.E.2d 1022, 1023.) The doctrine of *forum non conveniens* is an evolving doctrine. The United States Supreme Court's early application of the doctrine in *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 2d 1055, 67 S. Ct. 839, has been adopted and relied upon by various State courts, including Illinois. (*Weaver v. Midwest Towing, Inc.* (1987), 116 Ill. 2d 279, 507 N.E.2d 838; *Whitney v. Madden* (1948), 400 Ill. 185, 79 N.E.2d 593; *Blakey v. Gilbane Building Co.* (1994), 264 Ill. App. 3d 626, 628, 637 N.E.2d 442, 444.) The seminal case of *Gulf Oil Corp. v. Gilbert* established the analysis to be used in applying the doctrine of *forum non conveniens*.

■ In resolving the *forum non conveniens* question, the court must balance private interest factors affecting the litigants and public interest factors that affect the administration of the courts. (*Weaver*, 116 Ill. 2d 279, 507 N.E.2d 838; *Mowen v. Illinois Valley Supply Co.* (1994), 257 Ill. App. 3d 712, 717, 629 N.E.2d 176, 178.) Accordingly, the analysis focuses upon two distinct sets of factors, which fall under two general headings: private interest factors and public interest factors. *Hall v. CBI Industries, Inc.* (1994), 264 Ill. App. 3d 299, 736 N.E.2d 1037.

The first set of factors, the private interest factors, is those factors that affect the individual litigant. (*Hall*, 264 Ill. App. 3d at 300, 736 N.E.2d at 1039.) The private interest factors that may be considered include: the convenience of the parties; the relative ease of access to sources of proof; the cost of producing willing witnesses, as well as the availability of compulsory process to obtain the attendance of unwilling witnesses; the possibility of the need to view the location where the events giving rise to the action took place; and all other practical problems that make the trial of a case easy, expeditious and inexpensive. *Simantz v. Prime Motor Inns, Inc.* (1991), 213 Ill. App. 3d 813, 815, 573 N.E.2d 234, 235.

The public interest factors, as revealed by *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839, relate to the administrative difficulties associated with concentrating litigation in congested court systems. (*Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 478 N.E.2d 370.) The public interest factors include: congestion of the court dockets; the interest in having localized controversies decided locally; and the unfairness of imposing jury duty on residents of a county that has little connection to the litigation. *Hall v. CBI Industries, Inc.* (1994), 264 Ill. App. 3d 299, 301, 636 N.E.2d 1037, 1039.

The Illinois Supreme Court, in discussing the private interest and public interest analysis, announced a third consideration: "A third consideration in ruling on a *forum non conveniens* motion is the plaintiff's choice of forum." (*Kwasniewski v. Schaid* (1992), 153 Ill. 2d 550, 553, 607 N.E.2d 214, 216.) As a general rule, a plaintiff is given the right to select the forum, and unless the public and private interest factors strongly weigh in favor of a transfer, a plaintiff's choice of forum will rarely be disturbed. *Cook v. General Electric Co.* (1992), 146 Ill. 2d 548, 557, 588 N.E.2d 1087, 1091-92.

The inquiry centers upon the concept of fundamental fairness. "After balancing the foregoing factors, the court may decline to exercise jurisdiction when it finds that another forum can better serve the ends of justice and the convenience of the parties." *Illinois*

*Tool Works, Inc. v. Sierracin Corp.* (1985), 134 Ill. App. 3d 63, 67, 479 N.E.2d 1046, 1049.

The private interest analysis in Illinois parallels the analysis utilized by the Federal courts in resolving this issue. The Illinois Supreme Court in *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 383 N.E.2d 977, expressly relied upon the often cited *Gulf Oil Corp. v. Gilbert* decision.

> " 'Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.' " *Giliberto*, 74 Ill. 2d at 110, 383 N.E.2d at 985, quoting *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843.

Source One asserts that the courts of Michigan are clearly more convenient for both Source One and for the practical and economical litigation of this case. Source One further asserts that all of the records regarding the late charges are located in Michigan and that traveling to Cook County would be burdensome.

Plaintiff counters this argument by repeating that Source One routinely utilizes the Illinois courts in seeking mortgage foreclosures and judgments. Accordingly, any argument that utilizing the Illinois courts would be burdensome or oppressive is severely diminished.

The record reveals that the trial court considered these factors, as well as the body of case law that addresses these issues. There is no valid argument that the court abused its broad discretion.

Source One maintains that the "key witnesses" are all employees of Source One and that they all presently reside or work in Michigan. Source One relies upon *Illinois Tool Works, Inc. v. Sierracin Corp.* (1985), 134 Ill. App. 3d 63, 479 N.E.2d 1046, for the proposition that even though a witness may currently be willing to voluntarily appear there is no guarantee that he will in fact be available in Illinois at the time of trial. The *Illinois Tool Works, Inc.,* court recognized that an out-of-State witness could change his mind, even though he had previously submitted an affidavit regarding his availability. It is not disputed that the availability of process to compel the attendance of witnesses is an important factor. However, *Illinois Tool Works, Inc.,* is distinguishable from the present case, because the posture of this case is such that few witnesses would be needed and that their testimony would be fairly limited. Additionally, numerous current employees can serve as foundational witnesses. In contrast, the court in *Illinois Tool Works, Inc.,* was dealing with a particular

witness who was described as a crucial witness whose testimony would not be duplicated.

The trial court noted that this case was in such a posture as to not require a parade of witnesses but merely documentary evidence and some foundational witnesses. Therefore, the convenience of the witness factor does not compel a finding that the trial court erred.

Source One urges this court to find that the trial court abused its discretion in weighing the location of the documents factor. Source One states that all the documents are located in Michigan and, therefore, Michigan is a more convenient forum. Plaintiff insists that the only point in which documents would be needed is to identify class members and to calculate damages. Source One has acknowledged that the information can be obtained from the computer but has indicated an unwillingness to rely on the computer. Plaintiff accuses Source One of severely overstating the importance of the location of the documents.

The location of the documents is becoming an increasingly less significant factor in the *forum non conveniens* analysis. (*Japax, Inc. v. Sodick Co.* (1989), 186 Ill. App. 3d 656, 542 N.E.2d 792.) In *Japax* this court stated that "[d]ocuments can be transported with ease and at little expense." (*Japax,* 186 Ill. App. 3d at 667, 542 N.E.2d at 799.) The *Japax* court appreciated that documents and witnesses may be located in Japan or otherwise out of Illinois and yet remarked that this "alone does not mean Japan is the more convenient forum." *Japax,* 186 Ill. App. 3d at 667, 542 N.E.2d at 799.

In *Bianco v. Texas Instruments, Inc.* (N.D. Ill. 1985), 627 F. Supp. 154, 165, the court did not find the location of relevant documents to be a compelling factor given the increased technology of photocopying and the relative ease of shipping around the country. In *American Standard, Inc. v. Bendix Corp.* (W.D. Mo. 1980), 487 F. Supp. 254, 264, the court suggested the diminished importance of this factor.

Moreover, plaintiff suggests that the use of microfilm can eliminate any burdensome production of documents. Judge Foreman addressed this factor by questioning whether the documents could be reduced to one box. In sum, the transcript reveals that the trial court evaluated this factor and there was no abuse of discretion.

"Public factors relevant here include the administrative difficulties flowing from court congestion; 'a local interest in having localized controversies decided at home'; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 224, quoting *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 509, 91 L. Ed. 1055, 1063, 67 S. Ct. 839, 843.

Source One maintains that the public interest will be served by dismissal. First, Source One asserts that the State of Michigan has a greater connection to the controversy and, therefore, Michigan law should apply. This public interest concern has repeatedly been put in focus by the Illinois courts. For example, in *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 232, 478 N.E.2d 370, 374, the court reasoned that "[w]hile it is true that Illinois courts can apply the laws of foreign States in appropriate circumstances, their lack of familiarity with foreign law suggests that they should not be burdened with doing so unless *** Illinois has strong connections to the case."

Moreover, Illinois law has employed the procedure of subclassing in order to manage the differences in case law. The Illinois Supreme Court, in discussing the manageability of a nationwide class action, has stated that "[t]he feasibility of subdividing a class is properly made by the trial court at a preliminary hearing." *Miner v. Gillette Co.* (1981), 87 Ill. 2d 7, 17, 428 N.E.2d 478, 484.

The record reveals that the trial judge weighed this factor. He questioned Source One's argument that Illinois has no significant interest in the claims of over 2,000 residents. There is nothing to suggest that the trial judge's determination was an abuse of discretion.

The trial court entertained both arguments on the question of court congestion and squarely rejected Source One's argument. While court congestion is a proper factor to be considered in the analysis, it was dismissed because the trial judge's familiarity with his calendar revealed that the case would not be subject to delay.

Source One relies upon certain statistics that the chancery judges have more cases than the Michigan judges. Plaintiff points out that this statistic is not persuasive because the Michigan judges must divide their attention between criminal and civil matters and thus a civil class action suit would not be a priority. The trial court made several observations regarding the nature of the chancery division and rejected this argument. While Illinois courts of review have routinely commented upon the congested nature of the circuit court of Cook County, this reasoning does not apply to all the court calendars.

Generally speaking, a plaintiff's choice of forum is afforded considerable deference. As noted previously, there are exceptions to this general rule. Source One makes the argument that since the plaintiff here is the representative of a nationwide class action the usual deference to the choice of forum should not be extended.

Research reveals that the Illinois State courts have not squarely addressed this issue and that there is a split of authority on this

point. For example, the United States District Court for the Northern District of Illinois has ruled that a plaintiff's choice of forum becomes substantially less important when he sues representatively on behalf of a class. (*Blumenthal v. Management Assistance, Inc.* (N.D. Ill. 1979), 480 F. Supp. 470, 472.) Other courts continue to pay deference to a plaintiff's choice of forum despite the fact the plaintiff might bring suit on behalf of a class. *Girsh v. Jepson* (E.D. Pa. 1973), 355 F. Supp. 1104.

The Federal courts are split on this issue. The trial court expressly declined to follow the district courts' rulings and noted the nonmandatory nature of the Federal case law.

In the absence of Illinois law on this point, the trial court gave deference to plaintiff's choice, even though this is a nationwide class action suit. We agree and find that the trial court did not err in deferring to plaintiff's choice of forum.

For the foregoing reasons, the trial court's order denying Source One's motion to dismiss for *forum non conveniens* is affirmed.

Affirmed.

BUCKLEY and WOLFSON, JJ., concur.