NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (4th) 250024-U

NO. 4-25-0024

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 19, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| ASHLEY MADIGAN and JORDAN KEENE, | ) | Appeal from the |
| Plaintiffs-Appellants, | ) | Circuit Court of |
| v. | ) | Whiteside County |
| AUSTIN HANNABARGER, | ) | No. 24LA22 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Jennifer M. Kelly, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE HARRIS delivered the judgment of the court.
Justices Steigmann and Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court did not abuse its discretion by granting defendant's motion to dismiss plaintiffs' complaint on *forum non conveniens* grounds.

¶ 2    Plaintiffs, Ashley Madigan and Jordan Keene, filed a negligence action against defendant, Austin Hannabarger, seeking to recover for personal injuries they sustained in a multivehicle motorcycle accident in Missouri. The trial court granted defendant's motion to dismiss the action on *forum non conveniens* grounds and plaintiffs appeal, arguing the court abused its discretion. We affirm.

¶ 3                     I. BACKGROUND

¶ 4    In September 2023, the parties were involved in a motorcycle accident in Montgomery County, Missouri. The record shows Keene was a passenger on a motorcycle operated by defendant, while Madigan was a passenger on a motorcycle operated by Daniel

McAuley.

¶ 5 In May 2024, plaintiffs filed their two-count negligence complaint against defendant in Whiteside County, Illinois. They alleged injuries resulting from the September 2023 motorcycle accident, which occurred when McAuley lost control of his motorcycle while traveling "in an unincorporated area of Montgomery County, Missouri." Defendant, who was following McAuley's motorcycle, also lost control of his motorcycle and struck both McAuley's overturned motorcycle and Madigan. Plaintiffs alleged that defendant acted negligently by (1) failing to operate his motorcycle on the paved portions of the roadway, (2) following McAuley's motorcycle too closely, (3) failing to keep a proper lookout for other vehicles, (4) driving his motorcycle in a careless and imprudent manner, and (5) failing to keep a lookout for defects or hazards in or near the roadway. Additionally, according to plaintiffs' complaint, Madigan and Keene resided in St. Louis County and Lincoln County, Missouri, respectively. Defendant resided in Whiteside County, Illinois.

¶ 6 In July 2024, defendant filed a motion to dismiss on *forum non conveniens* grounds pursuant to Illinois Supreme Court Rule 187 (eff. Jan. 1, 2018). He alleged that Illinois was an inappropriate forum in which to try plaintiffs' case and that the interests of justice would best be served if the action were dismissed and refiled by plaintiffs in Missouri. Defendant argued there was no substantive connection between the subject matter of the suit and Illinois because the motorcycle accident occurred in Missouri and almost all the relevant witnesses and evidence were in that state. In particular, he noted that like Madigan and Keene, McAuley resided in Missouri. Defendant maintained that additional relevant witnesses also resided in Missouri, including the drivers or owners of other motorcycles involved in the accident and the law enforcement and emergency medical services personnel who responded to the scene. Further, he asserted that

plaintiffs received all of their medical care in Missouri.

¶ 7    Defendant also argued that McAuley was an indispensable party to the underlying litigation but could not be added to the action because he was not subject to Illinois's jurisdiction. He noted that, in May 2024, in addition to filing the underlying complaint against him, plaintiffs brought a separate action against McAuley in Montgomery County, Missouri, for damages arising out of the same motorcycle accident. Defendant asserted that his inability to add McAuley to the underlying case would severely prejudice him, noting, in part, his inability to file an action against McAuley under the Illinois Joint Tortfeasor Contribution Act (740 ILCS 100/1 *et seq.* (West 2024)). Ultimately, defendant maintained that the relevant private and public interest factors weighed in favor of granting his motion and that plaintiffs' choice to bring their action in Illinois was entitled to "less deference" because neither plaintiff resided in this state and the accident at issue did not occur here.

¶ 8    To his motion, defendant attached as exhibits (1) plaintiffs' complaint against him, (2) plaintiffs' complaint against McAuley filed in Montgomery County, Missouri, and (3) a Missouri Uniform Crash Report (crash report). The crash report contained information relating to the September 2023 motorcycle accident, including its location, a description of what occurred, the identity and residence of witnesses, and where plaintiffs were transported for medical care.

¶ 9    In response to defendant's motion, plaintiffs emphasized that they filed their complaint in defendant's home venue. They asserted that, as a result, defendant could not claim that he was inconvenienced by the litigation. Plaintiffs also argued that their choice of forum was entitled to deference and that the record did not "strongly support a finding that Montgomery County, Missouri [was] more convenient."

¶ 10    Plaintiffs argued that defendant failed to identify which, if any, of the witnesses he

referenced in his motion could offer testimony that was relevant to the disputed issues in the case. They also asserted that defendant failed to show that any witnesses would be unavailable to testify in Illinois or unwilling to cooperate in the Illinois proceedings. Plaintiffs maintained that in the event a witness was uncooperative, Missouri law permitted the *ex parte* issuance of subpoenas to aid foreign litigation. Additionally, they argued that the witnesses identified in defendant's motion were "dispersed throughout Missouri," with none residing in Montgomery County, where the accident occurred and where Missouri law would require plaintiffs' cause of action to be filed.

¶ 11 Finally, plaintiffs asserted that the trial court was required to consider differences in state laws, arguing that Missouri had "abolished the collateral source rule for medical bills," while "Illinois allows a plaintiff [to] recover the full damages." They maintained that defendant's claim that he could not seek contribution from McAuley was irrelevant to a *forum non conveniens* analysis, as contribution was only of interest to defendant and immaterial to their claims.

¶ 12 In September 2024, defendant filed a reply in support of his motion to dismiss. Again, in arguing that Missouri was the more appropriate forum for plaintiffs' action, he asserted it was undisputed that the accident occurred in Missouri, both plaintiffs resided in Missouri, all relevant conduct involving the parties took place in Missouri, all but one witness to the accident lived in Missouri, every first responder to the accident was from Missouri, all of plaintiffs' medical treatment was rendered in Missouri, and plaintiffs filed suit against McAuley in Missouri in connection with the accident. In response to plaintiffs' claim that he failed to identify the relevancy of the witnesses referenced in his motion, defendant argued plaintiffs' own answers to interrogatories referred to the same witnesses, *i.e.*, those identified in the "police report," as individuals present at the time of the accident with knowledge of the facts. He argued plaintiffs' answers to interrogatories further identified McAuley as being jointly responsible for causing their

- 4 -

injuries and identified "a litany of medical treaters," who were all located in Missouri. Defendant maintained that every relevant factor for the trial court's consideration weighed in favor of finding Missouri was the more appropriate forum. Defendant attached copies of plaintiffs' answers to interrogatories to his reply.

¶ 13       In October 2024, plaintiffs supplemented their response in opposition to defendant's motion to dismiss They alleged that in September 2024, their litigation against McAuley in Missouri had been settled. According to plaintiffs, the resolution of their Missouri action rendered defendant's motion to dismiss on *forum non conveniens* grounds moot. Plaintiffs attached documents to their filing showing the settlement of their claims in the Missouri action and that in December 2024, the case was dismissed with prejudice.

¶ 14       Additionally, on December 13, 2024, Keene filed an affidavit in the underlying action. She asserted that she had moved to Whiteside County, Illinois, and was "cohabitating with [defendant]."

¶ 15       On December 16, 2024, the trial court conducted a hearing on defendant's motion to dismiss. The parties presented arguments to the court similar to those raised in their filings. Defendant emphasized the lack of connections between the litigation and Illinois, noting the accident occurred in Missouri and that almost all the relevant evidence and witnesses were in that state. He also maintained that it would be more difficult to "secure" evidence and witnesses in the case, arguing he had "no power of subpoena" over evidence and witnesses located in Missouri. Defendant maintained that although Missouri was a signatory to an "interstate discovery agreement," additional court proceedings in Missouri would be required both when evidence and witnesses were subpoenaed and in the event of noncompliance with subpoenas.

¶ 16          Again, plaintiffs argued that a defendant sued in his home venue could not complain of inconvenience and that a defendant's inability to file a contribution claim against a codefendant was irrelevant to a *forum non conveniens* analysis. They also argued that their choice of forum was entitled to deference and that defendant had made no showing that any evidence or witnesses would be unavailable to the parties in Illinois. Plaintiffs' counsel indicated that in his experience, it was not a difficult process to obtain evidence from Missouri or the testimony of Missouri witnesses. Finally, plaintiffs' counsel represented that if plaintiffs filed suit in Missouri, their action would have to be brought in Montgomery County, Missouri, "where no one lives."

¶ 17          Ultimately, the trial court granted defendant's motion. In setting forth its ruling, the court stated as follows:

> "Well, I must say when the Court reviewed the motions, and the briefs, and the replies and responses, I, I was struck as to why this case was here ***.
>
> The accident happened in Missouri. [Madigan] lived in Missouri, [Keene] lived in Missouri, [McAuley] lived in Missouri, and only [defendant] lived here in Illinois.
>
> For all intensive purposes [*sic*] the only thing bringing us to Illinois is [defendant].
>
> I don't find that to be convenient, especially to the Plaintiffs. And Mr. Darr [(plaintiffs' attorney)], you didn't even know your Plaintiff moved to Illinois to reside with the Defendant that she is suing.
>
> The, I have to agree with Mr. Paulsen [(defendant's attorney)] that the access and ease to testimonial, documentary and real evidence is an issue here. Everybody is in Missouri. Even their expert witnesses, that's still where they are

located.

> After balancing both the public and the private interest and taking into account the factors in balancing where this suit should be filed, I have to agree with Mr. Paulsen, and I will grant his motion."

The same day, the court entered a written order, stating, without further explanation, that defendant's motion to dismiss was granted.

¶ 18     This appeal followed.

¶ 19                                    II. ANALYSIS

¶ 20     On appeal, plaintiffs argue the trial court abused its discretion by granting defendant's motion to dismiss on *forum non conveniens* grounds. They contend the court failed to make a record of its analysis, ignored the principle of law that a defendant may not complain of inconvenience when sued in his county of residence, and improperly considered inconvenience to them with respect to their chosen forum. Plaintiffs also argue that the weight of the relevant factors favored their chosen forum and the denial of defendant's motion.

¶ 21     "*Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice." *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441 (2006). It "allows a trial court to decline jurisdiction when trial in another forum would better serve the ends of justice." (Internal quotation marks omitted.) *Id.* When ruling on a *forum non conveniens* motion, the trial court is afforded considerable discretion. *Id.* at 441-42. On review, the court's decision will be reversed only where it has abused its discretion in balancing the relevant factors. *Id.* at 442. An abuse of discretion occurs "only where no reasonable person would take the view adopted by the *** court." *Id.*

¶ 22     Our supreme court has stated that the *forum non conveniens* doctrine "should be

exercised *only in exceptional circumstances* when the interests of justice require a trial in a more convenient forum." (Emphasis in original.) *Id.* The appropriate test "is whether the relevant factors, viewed in their totality, strongly favor transfer to the forum suggested by defendant." *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 176 (2003). The relevant private and public interest factors for consideration are as follows:

> "[T]he private interest factors include (1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive—for example, the availability of compulsory process to secure attendance of unwilling witnesses, the cost to obtain attendance of willing witnesses, and the ability to view the premises (if appropriate). [Citations.] The public interest factors include (1) the interest in deciding localized controversies locally; (2) the unfairness of imposing the expense of a trial and the burden of jury duty on residents of a county with little connection to the litigation; and (3) the administrative difficulties presented by adding further litigation to court dockets in already congested fora." *First American Bank v. Guerine*, 198 Ill. 2d 511, 516-17 (2002).

¶ 23 "A further consideration is the forum which the plaintiff has chosen to file the complaint." *Id.* at 517. " 'The plaintiff has a substantial interest in choosing the forum where his rights will be vindicated, and the plaintiff's forum choice should rarely be disturbed unless the other factors strongly favor transfer.' " *Langenhorst*, 219 Ill. 2d at 442 (quoting *Guerine*, 198 Ill. 2d at 517). "However, the plaintiff's choice of forum is not entitled to the same weight or consideration in all cases." *Dawdy*, 207 Ill. 2d at 173. In particular, "the plaintiff's interest in

choosing the forum receives 'somewhat less deference when neither the plaintiff's residence nor the site of the accident or injury is located in the chosen forum.' " *Langenhorst*, 219 Ill. 2d at 442-43 (quoting *Guerine*, 198 Ill. 2d at 517).

¶ 24 Ultimately, the trial court "must consider all of the relevant factors, without emphasizing any one factor," and "[e]ach *forum non conveniens* case must be considered as unique on its facts." *Id.* at 443. Further, "[t]he burden is on the defendant to show that relevant private and public interest factors 'strongly favor' the defendant's choice of forum to warrant disturbing plaintiff's choice." *Id.* at 444.

¶ 25 A. Lack of Express Oral or Written Findings

¶ 26 Initially, we address plaintiffs' contentions on review that the trial court committed reversible error by failing to (1) explicitly weigh all private and public interest factors and (2) include its findings in its dismissal order. According to plaintiffs, a court abuses its discretion if the record does not reflect its consideration of each relevant private or public interest factor and, here, the record shows no such "individualized consideration." Plaintiffs raise similar contentions with respect to the issue of how much deference to afford their choice of forum, complaining that the record does not show that the court engaged in any "deference analysis."

¶ 27 To support their arguments, plaintiffs cite the supreme court's decision in *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812. There, the trial court denied a defendant's motion to dismiss on *forum non conveniens* grounds and made several express findings. *Id.* ¶ 23. However, the supreme court noted that the trial court "failed to recognize several private and public interest factors in its [*forum non conveniens*] analysis" and provided a reminder to "trial courts to include *all* of the relevant private and public interest factors in their analysis." (Emphasis in original.) *Id.* ¶ 24. The court went on to conclude that the lower court had abused its discretion in denying the

defendant's motion, discussing each public and private interest factor in setting forth its ruling. *Id.* ¶¶ 27-45.

¶ 28 Plaintiffs also cite *Guerine*. In that case, the supreme court similarly "urge[d] *** trial courts to give more careful consideration to *forum non conveniens* motions and to leave a better record of their analyses." *Guerine*, 198 Ill. 2d at 520-21.

¶ 29 Notably, however, neither *Fennell* nor *Guerine* requires reversal of a trial court's order, or a finding of an abuse of discretion, where the court neglects to set forth its full analysis of the relevant factors, either orally or in writing. Other districts of the appellate court have stated the same under similar circumstances. See *Decker v. Union Pacific R.R. Co.*, 2016 IL App (5th) 150116, ¶¶ 49-50 (reaching the merits of a challenge to the trial court's *forum non conveniens* ruling where the court's analysis was "wholly absent" from the record); *Wilder Chiropractic, Inc. v. State Farm Fire & Casualty Co.*, 2014 IL App (2d) 130781, ¶ 47 (finding *Fennell* did not set forth a clear mandate "for reversing the trial court for omitting factors from its *forum non conveniens* analysis"); *Pendergast v. Meade Electric Co.*, 2013 IL App (1st) 121317, ¶¶ 23-26 (finding *Fennell* did not require reversal where the record contained no explicit *forum non conveniens* findings or analysis by the trial court).

¶ 30 Additionally, although the trial court in this case did not make explicit findings with respect to each relevant *forum non conveniens* factor, the record does support a finding that the court engaged in the proper analysis. The record shows the parties presented detailed arguments to the court, both in written filings and orally at the hearing on defendant's motion to dismiss. They identified and discussed the relevant factors for consideration, including the private and public interest factors and the issue of deference to a plaintiff's choice of forum. Significantly, when setting forth its oral ruling, the court explicitly stated it had engaged in a balancing analysis of "the

- 10 -

public and the private interest" and that it agreed with defendant's arguments. See *Landmark American Insurance Co. v. NIP Group, Inc.*, 2011 IL App (1st) 101155, ¶ 52 (rejecting an argument that reversal was required based on "an inadequate record" of the trial court's *forum non conveniens* analysis where the parties had presented detailed arguments to the court and the court "explicitly indicated it had applied the required balancing analysis").

¶ 31        While we do not dispute that the better practice for a trial court is to provide a record of its full *forum non conveniens* analysis, we find the failure to make such a record here does not, alone, require reversal. The issue on review "is not the detail of the underlying order, but whether the circuit court abused its discretion." *Estate of Rath v. Abbott Laboratories, Inc.*, 2012 IL App (5th) 100096, ¶ 23; see *Meier v. Ryan*, 2023 IL App (1st) 211674, ¶ 13 (stating a trial court's *forum non conveniens* order may be affirmed on any basis supported by the record). Under the circumstances presented, we consider the propriety of the court's order and whether it abused its discretion in granting defendant's motion to dismiss on *forum non conveniens* grounds.

¶ 32                               B. Inconvenience to the Parties

¶ 33        On appeal, plaintiffs also argue that the trial court abused its discretion by ignoring the "important principle of law" that "a defendant is prohibited from complaining of inconvenience when sued in his county of residence." Further, they contend that the court erred in relying on any "perceived inconvenience" to them with respect to their chosen forum.

¶ 34        In the context of a *forum non conveniens* motion, "[t]he defendant must show that the plaintiff's chosen forum is inconvenient to the defendant and another forum is more convenient to all parties." *Langenhorst*, 219 Ill. 2d at 444. "However, the defendant cannot assert that the plaintiff's chosen forum is inconvenient to the plaintiff." *Id.*

¶ 35        In claiming that a defendant is "prohibited from raising inconvenience" when sued

in his home venue, plaintiffs cite *Erwin v. Motorola, Inc.*, 408 Ill. App. 3d 26 (2011), and *Kwasniewski v. Schaid*, 153 Ill. 2d 550 (1992). In *Erwin*, 408 Ill. App. 3d at 275, the plaintiffs sued the defendant in Illinois, where it maintained its corporate headquarters. On appeal following the denial of the defendant's *forum non conveniens* motion, the First District discussed the factor of convenience of the parties. *Id.* The court noted that the defendant had the burden of establishing that the plaintiff's chosen forum was inconvenient to the defendant and, in finding that factor did not weigh in favor of transfer, stated as follows:

> "While [the defendant] is correct in asserting that a party's principal place of business may not be dispositive in the *forum non conveniens* analysis, it certainly is an acceptable factor to be weighed in determining whether Illinois is an inconvenient forum. [Citations.] Accordingly, the trial court was within its discretion when it noted that under these circumstances, [the defendant] could not genuinely contend that litigating the case in Illinois, where it maintained its corporate headquarters, would prove inconvenient to it." *Id.* at 275-76.

¶ 36 Next, in *Kwasniewski*, 153 Ill. 2d at 551-52, the plaintiff and the defendants were Illinois residents who had been involved in a car accident in Wisconsin. The defendants moved to dismiss the plaintiff's Illinois action on *forum non conveniens* grounds, arguing Wisconsin was a more convenient forum, but the trial court denied the motion. *Id.* at 552. On review, the supreme court affirmed. *Id.* at 556. In setting forth its ruling, it discussed the facts as they related to the various factors for consideration, finding, in part, that it was "all but incongruous for [the] defendants to argue that their own home county [was] inconvenient." *Id.* at 555.

¶ 37 Here, plaintiffs' argument suggests that *Erwin* and *Kwasniewski* stand for the proposition that a defendant who is sued in his home venue can never satisfy his burden under a

*forum non conveniens* analysis. In fact, they contend that applying the "controlling precedent that a defendant is prohibited from complaining of inconvenience when sued in his county of residence *** should have ended the [trial] court's inquiry." However, neither of the cases plaintiffs rely on requires the analysis or outcome that they suggest. Rather, in both *Erwin* and *Kwasniewski*, the reviewing courts discussed multiple, if not all, of the various *forum non conveniens* factors when reaching their respective decisions. Neither court held that the fact that a defendant is sued in his home venue is dispositive of a *forum non convenience* motion. In fact, *Erwin* expressly indicated otherwise, noting such circumstances were but one relevant factor for consideration. Ultimately, the court was not required to find in plaintiffs' favor simply because they sued defendant in his home forum.

¶ 38    As stated, plaintiffs also argue that the trial court erred by emphasizing the inconvenience of the chosen forum to them. The record shows that when setting forth its ruling, the court stated, in relevant part, as follows:

> "The accident happened in Missouri. [Madigan] lived in Missouri, [Keene] lived in Missouri, [McAuley] lived in Missouri, and only [the defendant] lived here in Illinois.
>
> For all intensive purposes [*sic*] the only thing bringing us to Illinois is [the defendant].
>
> *I don't find that to be convenient*, *especially to the Plaintiffs*." (Emphasis added.)

¶ 39    Although case law states that a "defendant cannot assert that the plaintiff's chosen forum is inconvenient to the plaintiff" (*Langenhorst*, 219 Ill. 2d at 444), the degree of convenience for the plaintiff with respect to the chosen forum is a relevant consideration for the trial court. In

particular, the defendant has the burden of showing, in part, that "another forum is more convenient to *all* parties." (Emphasis added.) *Id.* Also, the first private interest factor for a trial court to consider concerns "the convenience of the parties." *Guerine*, 198 Ill. 2d 511, 516-17. Moreover, a determination of how much weight to give a plaintiff's choice of forum also involves considerations of whether the choice is convenient to the plaintiff. See *Dawdy*, 207 Ill. 2d at 173 (stating that when a plaintiff chooses his or her home forum or the forum that is the site of the plaintiff's accident or injury, it is reasonable to assume the choice is convenient; however, such an assumption is less reasonable if those circumstances do not exist). Accordingly, plaintiffs have failed to establish that the trial court's decision resulted from any improper consideration.

¶ 40                                    C. The Trial Court's Ultimate Determination

¶ 41            Finally, plaintiffs argue the trial court's ultimate decision to grant defendant's motion to dismiss on *forum non conveniens* grounds was an abuse of discretion. They argue that their choice of forum—Whiteside County, Illinois—was entitled to considerable deference and that the private and public interest factors also weighed in their favor.

¶ 42                                    1. *Plaintiff's Choice of Forum*

¶ 43            As indicated, "the plaintiff's choice of forum is not entitled to the same weight or consideration in all cases." *Id.* When a plaintiff chooses either his home forum or the forum where his accident or injury occurred, it is reasonable for a court to assume that the choice is convenient. *Id.* However, when the plaintiff chooses a different forum, the assumption of convenience is less reasonable. *Id.* "Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." (Internal quotation marks omitted.) *Id.* at 173-74. "A plaintiff's 'home forum' for purposes of an interstate *forum non conveniens* motion is the plaintiff's home State." *Kwasniewski*, 153 Ill. 2d at 553; see

*Fennell*, 2012 IL 113812, ¶ 13 ("[T]he focus of interstate *forum non conveniens*, at issue in the case at bar, is whether the case is being litigated in the most appropriate state.").

¶ 44       Here, the record clearly shows the motorcycle accident at issue occurred in Missouri and not Illinois. Additionally, both plaintiffs resided in Missouri at the time they filed their complaint. Although Keene moved to Illinois at some point during the underlying proceedings, she was still foreign to Illinois when the litigation was initiated. Accordingly, when filing their action against defendant, neither plaintiff chose her home forum or the site of the accident, two circumstances which would support a reasonable assumption of convenience when the choice was made.

¶ 45       Under such circumstances, the trial court would have been warranted in finding plaintiffs choice of forum was entitled to less weight or deference. The court's comments suggest that it found precisely that, as it stated that "the only thing bringing [the case] to Illinois" was defendant, and that it did not find the choice of forum was convenient to plaintiffs.

¶ 46                      2. *Private and Public Interest Factors*

¶ 47       Again, in addition to considering the weight to attribute to plaintiffs' choice of forum, the trial court had to consider and balance the following private and public interest factors:

>      "[T]he private interest factors include (1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive—for example, the availability of compulsory process to secure attendance of unwilling witnesses, the cost to obtain attendance of willing witnesses, and the ability to view the premises (if appropriate). [Citations.] The public interest factors include (1) the interest in deciding localized controversies

- 15 -

locally; (2) the unfairness of imposing the expense of a trial and the burden of jury duty on residents of a county with little connection to the litigation; and (3) the administrative difficulties presented by adding further litigation to court dockets in already congested fora." *Guerine*, 198 Ill. 2d at 516-17.

¶ 48 Regarding the private interest factors, we note that although defendant, and now Keene, reside in Illinois, Madigan continues to reside in Missouri. Significantly, the accident at issue also occurred in Missouri, and most of the relevant evidence in the case is located in Missouri. Aside from Keene and defendant, all other potential witnesses identified by the parties live in Missouri. Such witnesses include eyewitnesses to the motorcycle accident, first responders, and plaintiffs' medical providers.

¶ 49 Plaintiffs contend that defendant presented an inadequate record by failing to identify the relevancy of witnesses or any obstacle to obtaining their testimony. Notably, however, defendant identified the same potentially relevant witnesses as identified by plaintiffs in their own answers to interrogatories. Additionally, in *Fennell*, 2012 IL 113812, ¶ 29, the supreme court rejected a similar argument on the basis that "[r]equiring extensive investigation prior to deciding a *forum non conveniens* motion would defeat the purpose of the motion."

¶ 50 Plaintiffs also argue that out-of-state witness testimony and evidence may easily be obtained through depositions, remote proceedings, or the *ex parte* issuance of Missouri subpoenas. However, as defendant argues, plaintiffs fail to account for the extra time and monetary costs associated with the possibility of traveling to Missouri to take witness depositions or initiate additional court proceedings in Missouri for the issuance or enforcement of subpoenas.

¶ 51 Additionally, as defendant points out on appeal, a further private interest factor concerns the possibility of viewing the premises of the accident, which weighs in favor of Missouri

as the more convenient forum. Plaintiffs maintain such a circumstance is unlikely to occur and, as a result, does not warrant significant consideration in the *forum non conveniens* analysis. We note, however, that in *Fennell*, the supreme court described the possibility of viewing the premises as "an important consideration in ruling on a *forum non conveniens* motion." *Id.* ¶ 37. Further, it stated that such a factor was "not concerned with the *necessity* of viewing the premises, but rather *** the *possibility* of a view, if appropriate." (Emphases in original.) *Id.* In this instance, plaintiffs' claims arose out of an accident on a particular Missouri roadway, and any jury view of the accident site would necessarily have to occur at that location.

¶ 52          Notably, in *Fennell*, the supreme court found, under facts similar to this case, the private interest factors weighed in favor of finding that Mississippi was a more convenient forum than Illinois. *Id.* ¶ 41. In so holding, it stated as follows:

> "In sum, [the] plaintiff resides in Mississippi; the alleged exposure occurred in Mississippi and Louisiana; the vast majority of the identified witnesses, including the treating physicians, are located in Mississippi and are not subject to Illinois subpoenas; and a jury view of the premises would occur outside of Illinois. On the whole, we conclude that the private interest factors weigh heavily in favor of the convenience of a Mississippi forum over an Illinois forum." *Id.*

We find similar circumstances exist in the present case. Specifically, at the outset of the litigation, both plaintiffs resided in Missouri, and one still lives there. The motorcycle accident occurred in Missouri and the vast majority of the witnesses identified by the parties are located there, including plaintiffs' treating physicians. Missouri witnesses are not subject to Illinois subpoenas. Further, any jury view of the accident site would occur outside of Illinois. Given these circumstances, it would not have been unreasonable or an abuse of discretion for the trial court to find the private

interest factors weighed heavily in favor of Missouri as the more convenient forum.

¶ 53 With respect to the public interest factors, we note the parties presented no specific argument regarding the factor of judicial administration and court congestion, nor did the trial court make any explicit finding as to that factor. That aside, the evidence showed that the controversy at issue arose in Missouri; involved primarily Missouri residents, witnesses, and evidence; and has little to no factual connection to Illinois.

¶ 54 Plaintiffs contend that "reckless, inattentive, drivers are not the sole interest of the citizens of Missouri" and that because defendant lives in Illinois and operates a motorcycle here, Illinois citizens "have just as much interest in policing his driving habits" as do Missouri citizens. However, even assuming this is true, "[t]he public interest requires that causes which are without significant factual connections to particular forums be dismissed in favor of, or transferred to, convenient forums." *Id.* ¶ 44. Here, Illinois lacks significant factual connections to the underlying litigation.

¶ 55 Ultimately, the record supports findings that plaintiffs' choice of forum was entitled to less deference and that the balance of the private and public interest factors strongly favored Missouri as the more convenient forum. We cannot say that no reasonable person would have taken the trial court's view in granting defendant's motion to dismiss on *forum non conveniens* grounds, and thus, we find the court did not abuse its discretion.

¶ 56 III. CONCLUSION

¶ 57 For the reasons stated, we affirm the trial court's judgment.

¶ 58 Affirmed.