CHRISTOPHER K. GRIDLEY, on Behalf of Himself and All Others Similarly Situated, Plaintiff-Appellee, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.

Fifth District    No. 5—01—0547

Opinion filed April 9, 2002.—Rehearing denied May 13, 2002.

---

Karen L. Kendall, Brad A. Elward, John C. Mulgrew, Jr., and Michael S. Seneca, all of Heyl, Royster, Voelker & Allen, of Peoria, and Robert H. Shultz, Jr., of Edwardsville, for appellant.

John W. Hoffman and Judy L. Cates, both of Carr, Korein, Tillery, Kunin, Montroy, Cates, Katz & Glass, of Belleville, Ron Parry, of Arnzen, Parry & Wentz, of Covington, Kentucky, and Emmett J. Boudreaux, of Boudreaux & Whitworth, of Baton Rouge, Louisiana, for appellee.

PRESIDING JUSTICE MAAG delivered the opinion of the court:
Christopher K. Gridley (plaintiff), a resident of Louisiana, filed a

putative nationwide class action lawsuit in Madison County, Illinois, against defendant State Farm Mutual Automobile Insurance Company (State Farm). The lawsuit alleged violations of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2000)) and unjust enrichment. State Farm moved to dismiss the case under the doctrine of interstate *forum non conveniens* or, alternatively, to transfer the case to McLean County under the doctrine of intrastate *forum non conveniens*. The circuit court of Madison County denied the motion, and State Farm appealed.

The procedural history follows. On June 19, 2000, plaintiff filed a complaint on behalf of himself and others similarly situated. In the complaint, plaintiff claimed that State Farm, as a part of its regular business practice, failed to obtain salvage titles for vehicles which had previously been declared total losses during the claims process, in violation of state titling laws. Plaintiff claimed that State Farm engaged in this practice because vehicles with clean titles could be sold for significantly more money, thereby enhancing the profitability of its claims operation. On August 21, 2000, State Farm filed a motion to dismiss the class action complaint under the doctrine of interstate *forum non conveniens*. The motion claimed that Louisiana was a more convenient forum because the class representative and only named plaintiff resided in Louisiana and that all of the evidence and witnesses with knowledge regarding the purchase of plaintiff's vehicle were located in Louisiana. State Farm moved, in the alternative, to transfer the case to McLean County on the ground of intrastate *forum non conveniens*. On June 1, 2001, the trial court denied State Farm's motion to dismiss and alternative motion to transfer. The trial court found that State Farm had failed to demonstrate that Madison County was an inconvenient forum and that the public- and private-interest factors strongly favored a dismissal of the action or, alternatively, a transfer to McLean County, Illinois.

▮ *Forum non conveniens* is a doctrine that allows a court to decline jurisdiction where a trial in another forum "would better serve the ends of justice." *Vinson v. Allstate*, 144 Ill. 2d 306, 310, 579 N.E.2d 857, 859 (1991). To determine whether the doctrine of *forum non conveniens* applies, the trial court must balance the private-interest factors affecting the convenience of the parties and the public-interest factors impacting the court's administration of its docket. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843 (1947); *Torres v. Walsh*, 98 Ill. 2d 338, 345, 456 N.E.2d 601, 604-05 (1983). The public-and-private-interest-factors assessment is applicable in considering both interstate and intrastate *forum non conveniens* motions. See *Kwasniewski v. Schaid*, 153 Ill. 2d 550, 553,

607 N.E.2d 214, 216 (1992). In interstate *forum non conveniens* motions, the plaintiff's home forum is the state in which he resides, rather than the specific county in which he resides. See *Kwasniewski*, 153 Ill. 2d at 553, 607 N.E.2d at 216.

■ The Illinois Supreme Court recently refined and reaffirmed the doctrine of *forum non conveniens*. *First American Bank v. Guerine*, 198 Ill. 2d 511 (2002). In *Guerine*, the supreme court acknowledged that the *forum non conveniens* standard, which requires a showing that the balance of factors strongly favors litigation in another forum, remains difficult for defendants to meet. *Guerine*, 198 Ill. 2d at 518. The supreme court reiterated the long-standing proposition that the defendant has the burden to show "that the plaintiff's chosen forum is inconvenient to the defendant and another forum is more convenient to all parties." *Guerine*, 198 Ill. 2d at 518. The supreme court noted that the plaintiff's choice of forum is entitled to less deference, as opposed to no deference, when the chosen forum is neither the plaintiff's residence nor the site of the incident or injury. *Guerine*, 198 Ill. 2d at 517. The supreme court also instructed that the defendant cannot establish an inconvenient forum by asserting that the chosen forum is inconvenient to the plaintiff. *Guerine*, 198 Ill. 2d at 518.

■ In considering a motion to dismiss or transfer based on *forum non conveniens*, the trial court is required to evaluate the total circumstances in order to determine whether the defendant has proven that the balance of factors strongly favors a transfer. *Guerine*, 198 Ill. 2d at 518. A trial court has considerable discretion in ruling on a *forum non conveniens* motion, and a reviewing court will not disturb the trial court's ruling absent an abuse of discretion in weighing the relevant factors. *Hefner v. Owens-Corning Fiberglas Corp.*, 276 Ill. App. 3d 1099, 1103, 659 N.E.2d 448, 452 (1995). On review, we do not substitute our judgment for that of the trial court and we do not decide whether the circuit court has exercised its discretion wisely. See *Brummett v. Wepfer Marine, Inc.*, 111 Ill. 2d 495, 503, 490 N.E.2d 694, 699 (1986). The role of the reviewing court is to determine whether the circuit court abused its discretion. See *Brummett*, 111 Ill. 2d at 503-04, 490 N.E.2d at 699.

In *Guerine*, the supreme court strongly recommended that trial courts "give more careful consideration to *forum non conveniens* motions" and "leave a better record of their analyses" so that reviewing courts can make more informed decisions. *Guerine*, 198 Ill. 2d at 520-21. Implicit in this recommendation is a directive to the litigants to provide the trial court with a record of the relevant factors, supported by facts and evidence, as opposed to supposition or conjecture, in support of or in opposition to the forum motion. While Supreme Court

Rule 187 (134 Ill. 2d R. 187) establishes a strict time frame for filing a *forum non conveniens* motion (no more than 90 days after the last day allowed for the filing of a party's answer), it also contemplates that before the motion is heard, parties may need time to conduct discovery on the issues of fact raised in the motion. In managing the case, the trial court, after considering the facts and circumstances of the particular case, has the discretion to establish a scheduling order in order to give all interested parties an opportunity for meaningful discovery on the issues raised in the forum motion. And while the court, in its discretion, may extend a hearing date for further discovery, the moving party should be aware that it has the ultimate responsibility for seeking a ruling on the motion well in advance of the trial date and that an unreasonable delay may be considered a factor weighing against a dismissal or transfer of the case based on *forum non conveniens*. See *Bell v. Louisville & Nashville R.R. Co.*, 106 Ill. 2d 135, 146-47, 478 N.E.2d 384, 390 (1985).

■ ■ Our supreme court has charged the trial court and the litigants with the responsibility to present a detailed record regarding the *forum non conveniens* analysis, and we are obligated to hold them to that responsibility. While the defendant, as the proponent of the *forum non conveniens* motion, has the initial responsibility to submit sufficient facts to support the requested relief, a wise plaintiff, although technically not required to do so, would be best served by presenting facts and documents in opposition to the motion. For those who doubt the consequences of a plaintiff's failure to produce facts in opposition, a review of *Wieser v. Missouri Pacific R.R. Co.*, 98 Ill. 2d 359, 456 N.E.2d 98 (1983), would be instructive.

In this case, we find that the litigants have failed in their respective responsibilities. A review of the record, the briefs, and the oral arguments convinces us that the trial court did not have sufficient facts to make an informed decision in a case that purportedly involves violations of the Illinois consumer fraud act and includes class members nationwide. To its credit, the trial court provided a detailed discussion of the relevant factors in this case. But the decision is based more upon the parties' suppositions than upon facts. Based upon the paucity of facts, we are unable to determine whether the trial court abused its discretion in denying State Farm's *forum non conveniens* motion. For that reason, we are unable to affirm or reverse the decision. Instead, we are remanding this case to the trial court with directions to reconsider the motion in light of this decision and the *Guerine* decision.

The record reveals that the class representative is a resident of the State of Louisiana and that he purchased a vehicle in the State of

Louisiana. According to the allegations in the complaint, the class representative purchased a vehicle without knowledge that the vehicle had been deemed a total loss and subsequently repaired. Plaintiff contends that State Farm, as a part of its regular business practices, failed to obtain salvage titles for thousands of vehicles that had been declared total losses, including the class representative's vehicle, for the purpose of enhancing its profits. The crux of plaintiff's case is that State Farm engaged in improper and illegal claims practices which emanated from its home office in Bloomington, Illinois, and which caused harm to people throughout the nation.

In this case, the putative class has not been certified. The record provides no competent evidence regarding the number, identity, and location of potential class members. When considering a *forum non conveniens* motion in a class action case, whether certified or uncertified, the court should consider the relevant factors in light of the identity, number, and location of potential class members, rather than limit the inquiry to the named class representatives. Similarly, the location and availability of documentary and physical evidence on a class-wide basis should be considered. The reason the inquiry must extend beyond the named class representative is that a significant portion of the proof at the trial (witnesses, documents, and other tangible items) may well be located in a place different from the representative's place of residence. Moreover, if the class is certified, members of the class may be widely disbursed throughout the state or nation. Making a *forum non conveniens* decision based solely upon the residence of the class representatives may result in the case being heard in a decidedly inconvenient forum for the rest of the class members.

If potential class members are widely disbursed throughout the nation, it may well be that numerous *appropriate* forums would be available. If a disproportionate number of the potential class members resided in Illinois or were Madison County residents, that fact would weigh heavily in favor of the chosen forum. See *Hayes v. Fireman's Fund Mortgage Corp.*, 272 Ill. App. 3d 271, 280, 649 N.E.2d 582, 587 (1995); *Warrick v. General Electric Co.*, 70 F.3d 736, 740 (2d Cir. 1995) (memorandum opinion and order); *Roots Partnership v. Lands' End, Inc.*, No. 90—C—1310 (N.D. Ill. November 14, 1990). The mere fact that some other forum might also be appropriate does not diminish the propriety of the chosen forum.

The trial court must evaluate the total circumstances, and no single factor should be given undue weight. See *Guerine*, 198 Ill. 2d at 518. In *Guerine*, our supreme court clarified the standard for us to apply in reviewing trial court rulings in intrastate *forum non conveniens* cases where trial witnesses are scattered among several counties and

no single county enjoys a predominant connection to the litigation. The court stated as follows:

> "[W]e hold that a trial court abuses its discretion in granting an intrastate *forum non conveniens* motion to transfer venue where, as here, the potential trial witnesses are scattered among several counties, including the plaintiff's chosen forum, and no single county enjoys a predominant connection to the litigation. The balance of factors must strongly favor transfer of the case before the plaintiff can be deprived of his chosen forum." *Guerine*, 198 Ill. 2d at 526.

We believe that the same standard ought to apply in the evaluation of an interstate *forum non conveniens* ruling where witnesses are scattered in several states and no single jurisdiction (state) enjoys a predominant connection to the litigation. We hereby adopt this standard for measuring the trial court's exercise of discretion in interstate cases.

In this case, the record lacks competent information regarding the location of documents, witnesses, or sources of proof regarding State Farm's alleged misconduct. The private-interest factors, such as convenience to the parties and the witnesses, may be weighed differently depending upon whether the alleged misconduct, or some part thereof, emanated from and occurred in State Farm's corporate offices in Bloomington, Illinois, or in its satellite offices around the country. In addition, neither party has identified any prospective witnesses who are central to the disputed issues in this litigation. For example, State Farm claims that all of the fact witnesses regarding the class representative are located in Louisiana, but it has never indicated that it would call any of these witnesses in its defense of the case. As support for his argument that Madison County is a convenient forum with connections to this action, plaintiff states that State Farm's own records show that approximately 5,000 State Farm-insured vehicles were totaled out in Madison County. In terms of a forum analysis, this fact is insignificant in the absence of some evidence that clean titles were issued in Madison County when salvage titles should have been issued or that any of these 5,000 vehicles were sold with a clean title instead of a salvage title to unsuspecting consumers.

On remand, the trial court should enter a detailed discovery order establishing the parameters of discovery. We recognize that the scope of discovery required to address the *forum non conveniens* issues may overlap discovery materials that are relevant to class certification issues, to the merits of the litigation, or to both. Under the watchful eye of the trial court, we trust that the parties can work together to tailor discovery requests that will produce information relevant to the issue

raised in the *forum non conveniens* motion and will curtail fishing expeditions and dump truck responses. Given that preliminary discovery has been undertaken, we are confident that this discovery can be completed within a reasonable period of time and that a ruling will be issued without unreasonable delay.

In briefing the issues raised in this appeal and in oral argument, plaintiff's counsel's primary argument has been that State Farm has not "met its burden" to show that the public- and private-interest factors strongly favor a transfer from Madison County, that any deficiencies in the record are to be resolved against the defendant, and that, therefore, he did not have to show that Madison County was a convenient forum. Plaintiff's counsel also suggested that though he showed that Madison County had a connection to the litigation, his efforts were hampered by State Farm's objections to his interrogatories. The record reveals that counsel did not seek a ruling from the court on the objections. Counsel should take note that a party will not be heard to complain of an opponent's failure to produce information where that party fails to seek an order mandating compliance with his discovery requests. See generally *Intercontinental Parts, Inc. v. Caterpillar, Inc.*, 260 Ill. App. 3d 1085, 1090-91, 631 N.E.2d 1258, 1263 (1994). We have no quarrel with plaintiff's counsel's position that it is not incumbent on the plaintiff to respond to an opponent's motion if he feels that his opponent has not met its burden. However, when a movant has presented an arguable case, it behooves the nonmoving party to take some affirmative steps to compel information that will support his chosen forum, rather than rely on perceived deficiencies in the opponent's record. See *Wieser*, 98 Ill. 2d 359, 456 N.E.2d 98. A party's unwise gamble on supposed deficiencies in the record may ultimately require him to try his case in a forum not of his choosing.

One other point merits attention. During the oral argument of this case, this court asked State Farm's attorney whether he agreed with the proposition that in the context of *inter*state *forum non conveniens*, the plaintiff's chosen forum is considered the state in which the case is filed rather than the specific county in which the case is filed. State Farm's counsel strongly disagreed. For the benefit of counsel on remand, reference is made to *Simantz v. Prime Motor Inns, Inc.*, 213 Ill. App. 3d 813, 817, 573 N.E.2d 234, 236 (1991). In that case, the court framed the following issue: "The question is whether the fact that the two Illinois plaintiffs are not residents of Kane County, the county in which they filed their suit, and the fact that the litigation has few, if any, connections with Kane County is [sic] relevant to an interstate *forum non conveniens* motion." *Simantz*, 213 Ill. App. 3d at 816-17, 573 N.E.2d at 236. The court answered the question this way:

"Defendants' motion to dismiss was based on *inter*state *forum non conveniens*; the issue to be addressed on such a motion is whether the more appropriate forum is outside Illinois. The focus is on Illinois' [*sic*] connections with the litigation. For purposes of such a motion, the 'home forum' of the Illinois residents is Illinois. If defendants feel that there is another county in Illinois that might provide a more appropriate forum for this action, they are free to file an *intra*state *forum non conveniens* motion and to request a transfer of the action to that county." (Emphasis in original.) *Simantz*, 213 Ill. App. 3d at 817, 573 N.E.2d at 236.

See also *Kwasniewski*, 153 Ill. 2d at 553-54, 607 N.E.2d at 216 (citing *Simantz* with approval).

Though the trial court engaged in a lengthy analysis of the relevant factors in this case, the analysis was guided by assertions in the parties' arguments rather than by facts. Because of the lack of a developed record, we cannot determine whether State Farm's motion should have been granted or denied. Therefore, we remand this case to the trial court with directions to establish a discovery schedule, to offer the parties an opportunity to brief and present argument based upon competent evidence rather than conjecture, and to reconsider its decision in light of *Guerine* and this decision.

Accordingly, we remand this case to the circuit court with directions.

Remanded with directions.

CHAPMAN, Melissa, and HOPKINS, JJ., concur.