ACIE C. CLARK, Indiv. and on Behalf of All Others Similarly Situated, Plaintiff-Appellee, v. TAP PHARMACEUTICAL PRODUCTS, INC., *et al.*, Defendants-Appellants.

Fifth District    No. 5—02—0101

Opinion filed September 19, 2003.—Rehearing denied October 17, 2003.

Joshua T. Buchman, of McDermott, Will & Emery, and Daniel E. Reidy, Tina M. Tabacchi, and Anastasia Katinas, all of Jones Day, both of Chicago, for appellants.

Robert M. Foote and Craig S. Mielke, both of Foote, Myers, Mielke & Flowers, L.L.C., of Geneva, and H. Barry Wesley, of Barrett, Twomey, Broom, Hughes & Wesley, of Carbondale, for appellee.

PRESIDING JUSTICE HOPKINS delivered the opinion of the court:

The defendants, TAP Pharmaceutical Products, Inc., TAP Pharmaceuticals, Inc., and Abbott Laboratories, Inc., appeal the circuit court's order denying the defendants' motion to transfer venue from Williamson County to Lake County on the grounds of *forum non conveniens*. We affirm the circuit court's decision.

## FACTS

Plaintiff class representative Acie C. Clark filed a class action complaint in Williamson County alleging unjust enrichment and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2000)). Clark asserted that as a result of the defendants' fraudulent marketing and sales scheme, he, along with thousands of individuals and entities who had paid copayment or deductible amounts for beneficiaries under Medicare, overpaid for the prescription drug Lupron, which is used to treat prostate cancer.

Clark alleged that Medicare reimbursement has historically relied on the "average wholesale price" published in Redbook, a pharmaceutical publication. Medicare reimburses medical providers 80% of the allowable amount, and the Medicare beneficiary pays the remaining 20%, referred to as the copayment amount. Clark contends that the defendants wrongfully supplied Redbook with an inflated "average wholesale price," *i.e.*, that the prices the defendants charged private-sector purchasers for Lupron were significantly less than the price published in Redbook and relied upon by Medicare. Clark asserts that the defendants' fraudulent scheme induced medical providers to purchase, prescribe, and administer Lupron at a low cost, bill Medicare at the inflated cost, and earn a profit from the difference. Clark asserts that as a result of the defendants' wrongful inflation scheme, Clark and those similarly situated substantially overpaid all or a part of their 20% copayments for Lupron.

On November 18, 2001, the defendants moved to transfer this case from Williamson County to Lake County on the ground of *forum non conveniens*. Barbara Tolbert, manager of customer services/trade relations with TAP Pharmaceuticals, Inc., in an attached affidavit, asserted that TAP Pharmaceutical Products, Inc., is a Delaware corporation with its principal place of business in Lake County, Illinois. Tolbert further asserted that TAP Pharmaceuticals, Inc., is a

subsidiary of TAP Pharmaceutical Products, Inc.; it is a Delaware corporation; and it also has its principal place of business in Lake County, Illinois. Tolbert contended that, to the best of her knowledge, the potential witnesses and documents regarding the pricing of Lupron were located in Lake County, Illinois.

Also attached to the defendants' motion was a statistical summary of the Illinois courts, revealing that in 1999 the average time to a jury verdict in Williamson County was 33.5 months and the average time to a jury verdict in Lake County was 23 months. Administrative Office of the Illinois Courts, 1999 Annual Report of the Illinois Courts, Statistical Summary 53, 55. The defendants also attached a map indicating that between 1993 and 2001 approximately 73% of Illinois sales of Lupron occurred in northern Illinois, 20% in central Illinois, and 7% in southern Illinois, with less than 1% occurring in Williamson County.

Clark asserted that between 1999 and 2001, he received and paid for Lupron in Williamson County through Clark's Williamson County physician. Clark explained that no urologists were located in Pulaski County, Clark's county of residence. Clark alleged that the defendants sold Lupron directly to physicians, retailers, wholesalers, health care facilities, and government agencies throughout the nation; that the defendants' marketing agents personally met with doctors in northwest Iowa, Massachusetts, and Maine to perpetrate their scheme; and that the United States government had investigated the scheme nationwide. Clark attached his affidavit, asserting that he is 82, has health problems, and has limited financial means, which would make it difficult for him to attend a trial in Lake County, Illinois. In a deposition on December 27, 2001, Clark testified that he has visited his wife's children in Chicago two or three times a year, with each visit lasting one or two days.

On January 7, 2002, the circuit court denied the defendants' motion to transfer.

On February 6, 2002, the defendants timely filed their petition for leave to appeal pursuant to Supreme Court Rule 306(a) (166 Ill. 2d R. 306(a)). We dismissed the petition, but the Illinois Supreme Court reinstated it on October 2, 2002 (*Clark v. TAP Pharmaceutical Products, Inc.*, 201 Ill. 2d 562, 776 N.E.2d 237 (2002)). Following the remand, we granted the defendants' petition on October 28, 2002.

## ANALYSIS

■ *Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness and sensible and effective judicial administration and allows a circuit court to decline jurisdic-

tion in the exceptional case where a trial in another forum with proper jurisdiction and venue would better serve the ends of justice. *First American Bank v. Guerine*, 198 Ill. 2d 511, 515 (2002). "The trial court is vested with considerable discretion in its determination of whether transfer is warranted on the basis of *forum non conveniens* principles." *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 336 (1994). We will reverse the trial court's decision only if the court abused its discretion, *i.e.*, if it acted arbitrarily, failed to employ conscientious judgment, or ignored recognized principles of law. *Peile*, 163 Ill. 2d at 336; *Roberts v. Illinois Power Co.*, 311 Ill. App. 3d 458, 461 (2000).

■ In resolving *forum non conveniens* questions, the circuit court must balance private-interest factors affecting the convenience of the parties and public-interest factors affecting the administration of the court. *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 223-24 (1987). Private-interest factors include the convenience of the parties; the relative ease of access to sources of testimonial, documentary, and real evidence; and all other practical considerations that make the trial of a case easy, expeditious, and inexpensive—for example, the availability of compulsory process to secure the attendance of unwilling witnesses, the cost to obtain the attendance of willing witnesses, and the ability to view the premises (if appropriate). *First American Bank*, 198 Ill. 2d at 516; *Peile*, 163 Ill. 2d at 337. Public-interest factors include having localized controversies decided in the local forum, administrative concerns, including the congestion of court dockets, and the imposition of jury duty upon residents of a county with little connection to the litigation. *Peile*, 163 Ill. 2d at 337. "The doctrine of *forum non conveniens* is a flexible one which requires evaluation of the total circumstances rather than concentration on any single factor." *Peile*, 163 Ill. 2d at 336-37.

■ The burden is on a defendant to show that the relevant factors strongly favor transferring the cause to another forum. *Golden Rule Insurance Co. v. Olson*, 233 Ill. App. 3d 760, 767 (1992). A defendant must show that the plaintiff's chosen forum is not convenient to the defendant and that another forum is more convenient to all the parties. *First American Bank*, 198 Ill. 2d at 518. We recognize that convenience, the touchstone of the *forum non conveniens* doctrine, has a different meaning today because we are connected by interstate highways, bustling airways, telecommunications, and the World Wide Web. *First American Bank*, 198 Ill. 2d at 525.

A plaintiff has a substantial interest in choosing the forum where his rights will be vindicated, and unless the public- and private-interest factors weigh strongly in favor of a transfer, the plaintiff's choice of forum should rarely be disturbed. *First American Bank*, 198 Ill. 2d at

517; *Peile*, 163 Ill. 2d at 337; *Cook v. General Electric Co.*, 146 Ill. 2d 548, 557 (1992). The Illinois Supreme Court has recently reiterated that the plaintiff's choice of the county that is the situs of the injury should be accorded deference because the litigation has the aspect of a localized controversy, *i.e.*, being decided at home. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167 (2003); see also *Peile*, 163 Ill. 2d at 337; *Brummett v. Wepfer Marine, Inc.*, 111 Ill. 2d 495, 501 (1986) (even though the case had no connection with the forum county other than that the plaintiff was injured there, the case had a significant factual connection with the forum and had the aspect of a localized controversy with a local interest in having the controversy decided at home). "In most instances, the plaintiff's initial choice of forum will prevail, provided venue is proper and the inconvenience factors attached to such forum do not greatly outweigh the plaintiff's substantial right to try the case in the chosen forum." *Peile*, 163 Ill. 2d at 335-36.

Although Clark is a resident of Pulaski County, as opposed to Williamson County, he has alleged that he incurred an injury, by paying allegedly inflated medical expenses for Lupron, through his Williamson County physician in Williamson County. Clark filed his class action complaint against the defendants in the forum where he had incurred an injury, and the circuit court did not err in deferring to Clark's choice of forum, even though the case was filed as a nationwide class action. See *Hayes v. Fireman's Fund Mortgage Corp.*, 272 Ill. App. 3d 271, 279 (1995).

## Private-Interest Factors

■ In a class action case, we consider the relevant *forum non conveniens* factors in light of the identity, number, and location of potential class members, rather than limiting the inquiry to the named class representatives, and we consider the location and availability of documentary and physical evidence on a classwide basis. *Gridley v. State Farm Mutual Automobile Insurance Co.*, 329 Ill. App. 3d 422, 427 (2002), *appeal allowed*, 201 Ill. 2d 566, 786 N.E.2d 183 (2002). Even in class actions, however, when potential trial witnesses are scattered throughout the country and throughout several counties in Illinois, including the plaintiff's chosen forum, and no single forum enjoys a predominant connection to the litigation, the balance of factors must strongly favor a transfer before the plaintiff can be deprived of his chosen forum. *First American Bank*, 198 Ill. 2d at 526; *Gridley*, 329 Ill. App. 3d at 428. "[I]ntrastate transfer is appropriate only when the litigation has 'no practical connection' (*Peile*, 163 Ill. 2d at 336), no nexus, with the plaintiff's chosen forum." *First American Bank*, 198 Ill. 2d at 521.

The defendants argue that because the documentary and testimonial evidence is located at their principal places of business in Lake County, the private-interest factors favor the defendants.

Documentary evidence generally can be transported with ease and at little expense (*Japax, Inc. v. Sodick Co.*, 186 Ill. App. 3d 656, 667 (1989)), and the defendants failed to specify what relevant documents are located in Lake County. The defendants' map concerning 1993 through 2001 Lupron sales in Illinois revealed that potential witnesses and/or class members, the Lupron recipients who were billed either at the inflated price or at the lower private-sector price, the physicians who billed for Lupron, and the documents regarding such invoices are scattered throughout Illinois, including the plaintiff's chosen forum. Although the defendants also argue, as indicated by Tolbert's affidavit, that the majority of potential witnesses are located at the defendants' principal places of business in Lake County, the defendants, whose burden it is to show that the relevant factors strongly favor transfer, fail to indicate how the testimony of these witnesses would impact the defense or whether or not their depositions could be used successfully at the trial (see *Schoon v. Hill*, 207 Ill. App. 3d 601, 608 (1990)).

Clark's physician, who billed Lupron at the allegedly inflated price, is located in Williamson County, as are the records concerning Clark's medical services and the billing and payment thereof. Although Clark and his wife testified via deposition that they travel to Chicago a few times a year, we nevertheless recognize that Clark is 82 years old, that he is not in good health, and that traveling to Lake County for a lengthy jury trial would be burdensome for him.

The private-interest factors do not strongly favor a transfer to Lake County.

## Public-Interest Factors

It is in the best interest of the public that when a dispute arises over a product that is purchased locally, the best interests of justice are served by resolving that dispute in local courts. *Golden Rule Insurance Co. v. Manasherov*, 200 Ill. App. 3d 961, 967-68 (1990). Clark purchased his Lupron medication through a Williamson County physician in Williamson County, incurring injuries from the allegedly inflated cost of Lupron in Williamson County. Although Clark's claim has developed into a class action suit involving data from parties throughout the state, and possibly throughout the country, it nevertheless has the aspect of a localized controversy with a local interest in having the controversy decided at home. See *Brummett*, 111 Ill. 2d at 501.

The defendants are correct in asserting that the relative average

times from the filing of the case to a jury verdict in Lake County and Williamson County are approximately 23 months in Lake and 33.5 months in Williamson. However, "[w]hile [the] expediency of obtaining a trial date is a relevant consideration, it is the least significant of the public[-]interest factors." *Kwasniewski v. Schaid*, 153 Ill. 2d 550, 555 (1992).

Not only is Clark's physician from Williamson County, but so are other potential class members relevant to the instant controversy, as indicated by the defendants' map regarding the sales of Lupron in Illinois. Although, as the defendants note, the more populous northern Illinois, including Lake County, is the residence for a greater number of Illinois members of the proposed class, we do not discount the interests of Lupron recipients in Williamson County when determining whether the residents of Williamson County, from which the jury pool is chosen, are connected to the litigation. The public-interest factors do not strongly favor a transfer to Lake County.

■ The doctrine of *forum non conveniens* does not mandate a transfer of venue based upon a defendant's showing of criteria that connect the case with other possible venues that the plaintiff might have selected. *Walker v. American River Transportation*, 277 Ill. App. 3d 87, 89 (1996). The case *sub judice* is a consumer fraud action brought on behalf of a nationwide class that numbers in the thousands and that includes not only individuals but third-party payors, such as insurance companies. The parties, witnesses, and documents are scattered throughout the country and throughout several counties in Illinois, including the plaintiff's chosen forum, no single forum enjoys a predominant connection to the litigation, and the balance of private- and public-interest factors does not strongly favor a transfer to Lake County. See *First American Bank*, 198 Ill. 2d at 526; *Gridley*, 329 Ill. App. 3d at 428. Therefore, we decline to deprive the plaintiff of his chosen forum. See *First American Bank*, 198 Ill. 2d at 521; *Peile*, 163 Ill. 2d at 336.

Although the circuit court failed to set forth the reasons underlying its refusal to transfer, the record supports the circuit court's decision with the facts that the plaintiff's choice of forum is the situs of the alleged injury and the plaintiff is an 82-year-old man who suffers health problems. The defendants' arguments of inconvenience do not compare to the plaintiff's choice of forum nearer his home. This is clearly not a case of forum-shopping. Accordingly, we find that the circuit court did not abuse its discretion in denying the defendants' motion to transfer. See *Peile*, 163 Ill. 2d at 326.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court of Williamson County.

Affirmed.

WELCH and CHAPMAN, JJ., concur.